# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

March 4, 2016

RE: United States of America v. Ogundele et al
PWG 15-277-1

## **LETTER ORDER**

Dear Counsel,

This letter order disposes of Defendant's Motion for Reconsideration of Detention Order, ECF No. 199, as well as Defendant's Second Motion for Reconsideration of Detention Order. ECF No. 210. On October 1, 2015, a Detention Hearing as to Gbenga Benson Ogundele was held before Magistrate Judge Charles B. Day. ECF No. 56. During the Detention Hearing, Judge Day determined that Defendant posed a significant flight risk and that home detention was not appropriate. On October 16, 2015, Mr. Ogundele through his former counsel, Lisa Lunt, moved to revoke the Detention Order. ECF No. 100. The Government filed an opposition to Defendant's motion on November 01, 2015, ECF No. 124, and a hearing was held before this Court on November 30, 2015 denying Mr. Ogundele's request. On January 12, 2016, Mr. Ogundele through his current counsel, Mirriam Seddiq, again moved to revoke the Detention Order dated October 1, 2015. ECF No. 199. The Government filed an opposition to Defendant's motion on January 27, 2016, ECF No. 2014, and on February 2, 2016, Judge Day issued a Paperless Order denying Mr. Ogundele's request. ECF No. 207. Shortly thereafter, Defendant proceeded to file a Second Motion for Reconsideration on February 5, 2016, ECF No. 210, seeking to have this Court rule on Defendant's January 12, 2016 Motion for Reconsideration of Detention Order.

In his Motion for Reconsideration, Mr. Ogundele identifies two third-party custodians that he believes could alleviate any concerns about pre-trial release. Mr. Ogundele proposes that the third-party custodians, home electronic monitoring, and offered collateral are adequate security to assure his appearance in court. I disagree. After reviewing all of Defendant's submissions, the responses filed by the Government, the Pre-Trial Services Report, and the transcript from the hearing that occurred on November 30, 2015, I continue to believe that Mr. Ogundele poses a significant flight risk and that he represents a serious economic danger to the community. During the Review of Detention Hearing on November 30, 2015, I held that I would be open to revisiting my ruling on two conditions. The first condition was an assurance by U.S. Probation and Pretrial Services that the placement of Mr. Ogundele in a halfway house, for instance Hope Village, was equivalent to placing the Defendant in lockdown status so that he could not walk off or continue to operate his predatory scheme. The second condition required

that Mr. Ogundele propose a third-party custodian willing to offer a significant economic security, such as a house, as collateral in the event that Mr. Ogundele chose to flee. Nothing in Defendant's filings would lead me to conclude that either of these two conditions have now been met. Defense Counsel has provided no evidence for me to conclude that the conditions at Hope Village are satisfactory enough to mitigate either the flight risk or economic threat that Mr. Ogundele poses. Furthermore, Defense Counsel has failed to produce any new evidence that an adequate third-party custodian is available and willing to post security in an amount sufficient to deter the Defendant from flight. Because Mr. Ogundele has not demonstrated a change in circumstances to warrant his release, I see no basis for revisiting my earlier ruling. The Defendant's request for a hearing is therefore denied.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

Paul W. Grimm
United States District Judge